# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2020

Lyle W. Cayce
Clerk

No. 20-50013
consolidated with
No. 20-50027
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Elier Isai Marquez-Gonzalez,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-558-1
USDC No. 4:19-CR-632-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Elier Isai Marquez-Gonzalez appeals his within-guidelines sentence of 21 months of imprisonment and three years of supervised release, which the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court imposed following his guilty plea conviction for entry after deportation, in violation of 8 U.S.C. § 1326. He argues that his sentence was greater than necessary to meet the sentencing goals set out in 18 U.S.C. § 3553(a) and therefore unreasonable. Marquez-Gonzalez also appeals a separate revocation judgment, but raises no challenge to the revocation of his supervised release.

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51. If there is no error or the error is harmless, we may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.*; *see also Delgado-Martinez*, 564 F.3d at 751-53. A within-guidelines sentence such as Marquez-Gonzalez's is afforded a presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). This presumption may be rebutted only if the defendant establishes "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

Marquez-Gonzalez has not rebutted the presumption. He contends that the district court abused its discretion in imposing a sentence at the top of the advisory range given his stated reason for illegally reentering the United States, namely the need to earn money and provide treatment for his handicapped daughter, and that the guidelines range overstated both the seriousness of his offense and his dangerousness. However, the district court heard Marquez-Gonzalez's arguments regarding mitigation and the nature of his prior criminal convictions and sentences, and it ultimately decided to

No. 20-50013
c/w No. 20-50027

impose a sentence at the top of the advisory guidelines range. The district court was in the best position to evaluate Marquez-Gonzalez's history and characteristics, as well as the need for the sentence imposed to further the objectives set forth in § 3553(a), and its decision is entitled to deference. *See Gall*, 552 U.S. at 51-52.

Finally, we have previously rejected Marquez-Gonzalez's arguments regarding the nature of illegal reentry offenses and double-counting under U.S.S.G. § 2L1.2. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

AFFIRMED.